# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

FILED

October 21, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**DEBORAH S. BEST,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0874** (BOR Appeal No. 2048185)
(Claim No. 970042889)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**ROBERT E. GAMES JR.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Deborah S. Best, by Sue Anne Howard, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by Noah A. Barnes, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 31, 2013, in which the Board affirmed a February 6, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's November 23, 2011, decision denying Ms. Best's application for permanent total disability benefits because it was not timely filed. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Best worked as a sales representative for Robert E. Games Jr. On January 23, 1997, Ms. Best injured her back, neck, head, and both arms during an automobile accident while performing her duties. Following the accident, David M. Nally, M.D., diagnosed her with a cervical strain, thoracic strain, lumbar strain, and multiple contusions. The claims administrator held the claim compensable for these injuries. James H. Wiley, M.D., then evaluated Ms. Best and determined that she had 24% whole person impairment for her orthopedic injuries. On July 20, 1999, the claims administrator granted Ms. Best a 24% permanent partial disability award based on Dr. Wiley's evaluation. Over the next two years, Ms. Best began to develop psychiatric problems related to the compensable injury, and on March 2, 2001, the claims administrator granted Ms. Best a 6% permanent partial disability award for her psychiatric disability. The Board of Review eventually reversed the claims administrator's decision and granted Ms. Best a 20% permanent partial disability award. Ms. Best was then evaluated by Bill Choby, D.M.D., who diagnosed her with a musculoskeletal dysfunction of the jaws and headaches related to her compensable injury. Dr. Choby determined that Ms. Best had 25% whole person impairment for these conditions under the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993). These conditions were then added as compensable conditions of her claim.

On April 25, 2006, Ms. Best filed an application for permanent total disability benefits based on the permanent partial disability awards she received for her back, neck, jaw, and psychiatric conditions. The claims administrator reopened the claim on a permanent total disability benefits basis, and following an evaluation, the Permanent Total Disability Reviewing Board determined that Ms. Best had 46% whole person impairment. Following a course of litigation, the Board of Review remanded the case to the Reviewing Board for an additional evaluation. However, on November 23, 2011, the claims administrator denied Ms. Best's application for permanent total disability benefits because it was not filed within five years of her initial permanent partial disability award. The claims administrator, therefore, determined that Ms. Best's application was untimely filed under West Virginia Code § 23-4-16(a)(2) (2005). On February 6, 2013, the Office of Judges affirmed the claims administrator's decision. The Board of Review then affirmed the Order of the Office of Judges on July 31, 2013, leading Ms. Best to appeal.

The Office of Judges concluded that the claims administrator did not have jurisdiction to consider Ms. Best's application for permanent total disability benefits because it was filed more than five years after her initial 24% permanent partial disability award. The Office of Judges found that Ms. Best was granted an initial permanent partial disability award in this claim on July 20, 1999. It found that her application for permanent total disability benefits was not filed until April 25, 2006, and therefore, was not filed within the five-year time limit provided under West Virginia Code § 23-4-16(a)(2). The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

On appeal, Ms. Best argues that the claims administrator had jurisdiction to consider her application for permanent total disability benefits. She asserts that the five-year time limit for filing her application should not have run until she was granted a permanent partial disability award for her headaches and jaw problems. Ms. Best further argues that the claims administrator

2

waived its objection to the timeliness of her application by initially considering it. Ms. Best argues that this Court should apply the holding of *Harris v. West Virginia Office of Insurance Commissioner*, No. 101060, 2012 WL 2874133 (Jan. 19, 2012), in which this Court did not apply the time limits of West Virginia Code § 23-4-16(a)(2).

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Ms. Best has not demonstrated that she filed her application for permanent total disability benefits within the five-year time limit set out in West Virginia Code § 23-4-16(a)(2). Ms. Best did not file her application until almost seven years after her initial permanent partial disability award. Since she did not timely file her application, the claims administrator did not have jurisdiction to consider request. Her application was properly refused. Ms. Best's argument on appeal is inconsistent with the plain language of West Virginia Code § 23-4-16(a)(2) and this Court's prior application of the statute. *E.g.*, *Ellis v. W. Va. Office of Ins. Comm'r*, No. 13-0014, 2014 WL 2594067 (June 10, 2014).

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   October 21, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II